# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY N. TOERPE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BRIAN DUFFY,<br><br>　　　　　Respondent. | No. 2:18-CV-0093-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding with retained counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss (ECF No. 13).[1] Respondent argues the petition must be dismissed because it was filed after expiration of the one-year limitations period. For the reasons discussed below, the court agrees.

/ / /

/ / /

/ / /

/ / /

---

[1] The matter was originally set for hearing on March 6, 2019, before the undersigned in Redding, California. The matter was subsequently submitted on the record without oral argument pursuant to Eastern District of California Local Rule 230(c) because plaintiff failed to file any opposition to respondent's motion.

1

# I. BACKGROUND

Petitioner was convicted of second degree murder and sentenced to an indeterminate term of nineteen years to life in state prison. See ECF No. 15-1. Petitioner did not appeal his conviction or sentence. Petitioner then filed the following post-conviction actions in state court:

| | | |
|---|---|---|
| First Action | Shasta County Superior Court. | |
| | Filed January 2, 2004. | |
| | Denied March 10, 2004. | |
| Second Action | Shasta County Superior Court. | |
| | Filed July 22, 2004. | |
| | Denied August 16, 2004. | |
| Third Action | Shasta County Superior Court. | |
| | Filed October 28, 2004. | |
| | Denied December 28, 2004. | |
| Fourth Action | Shasta County Superior Court. | |
| | Filed October 31, 2004. | |
| | Denied December 3, 2004. | |
| Fifth Action | California Court of Appeal. | |
| | Filed October 21, 2010. | |
| | Denied November 10, 2010. | |
| Sixth Action | Shasta County Superior Court. | |
| | Filed September 8, 2015. | |
| | Denied April 27, 2016. | |
| Seventh Action | California Court of Appeal. | |
| | Filed August 16, 2016. | |
| | Denied September 22, 2016. | |
| Eighth Action | California Supreme Court. | |
| | Filed July 31, 2017. | |
| | Denied December 13, 2017. | |

See ECF Nos. 15-2 through 15-18.

The current federal petition was filed on January 16, 2018. See ECF No. 1.

///
///
///
///
///

## II. DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. See Cal. Rule of Court 8.308(a). If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v.

DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Based on the timeline of petitioner's state court filings, outlined above, it is clear the current federal petition is untimely. Even assuming every state court action was properly filed without unreasonable delay and proceeding to the next highest state court, the one-year limitations period expired during the nearly six-year period of time between denial of petitioner's fourth state court action in December 2004 and the filing of his fifth state court action in November 2010.

/ / /

/ / /

4

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (ECF No. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 5, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE